UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN GREENE, #345131,

                    Petitioner,


                                        CASE NO. 2:15-CV-13008
v.                                      HONORABLE GERALD E. ROSEN

SHERRY BURT,

                    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner, a

Michigan prisoner, was convicted of conducting a criminal enterprise, larceny of

$1,000 or more but less than $20,000, and larceny of $20,000 or more following a

jury trial in the Ogemaw County Circuit Court and was sentenced as a third habitual

offender to concurrent terms of 10 to 40 years imprisonment, 2 to 10 years

imprisonment, and 2 to 20 imprisonment in 2012.  In his petition, he raises claims

concerning the conduct of the prosecutor, the effectiveness of trial and appellate

counsel, the sufficiency of the evidence, an amendment to the information, the jury

instructions, and the state court's jurisdiction.  This matter is before the Court on

Petitioner's motion for appointment of counsel.  Petitioner states that he is prison

inmate, that he cannot afford counsel, and that he has limited legal knowledge.

A state prisoner has no absolute right to be represented by counsel on federal habeas review.  *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.'"  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  Petitioner has submitted his habeas petition and supporting documents, but Respondent has not yet filed an answer to the petition or the state court record.  Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases.  Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel.  The Court will bear in mind Petitioner's request if, upon further review of the case, the Court determines that appointment of counsel is required.  Petitioner need not file an additional motion as to this issue.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135