## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Brian Greene, #345131,

                Petitioner,      Case No. 15-cv-13008

v.                           Judith E. Levy
                               United States District Judge

Sherry Burt,

                               Mag. Judge Anthony P. Patti
                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION
## FOR A WRIT OF HABEAS CORPUS, DENYING A
## CERTIFICATE OF APPEALABILITY, AND DENYING
## LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254.

Michigan prisoner Brian Greene ("Petitioner") was convicted of racketeering, larceny of $1,000 or more but less than $20,000, and larceny of $20,000 or more following a jury trial with two co-defendants in the Ogemaw County Circuit Court. He was sentenced as a third habitual offender to concurrent terms of 10 to 40 years imprisonment, 2 to 10 years imprisonment, and 2 to 20 years imprisonment in 2012. In his petition, he raises claims concerning the conduct of the prosecutor,

the effectiveness of trial and appellate counsel, the sufficiency of the evidence, an amendment to the information, the jury instructions, and the state court's jurisdiction. For the reasons set forth below, the Court denies habeas relief. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## I.    Facts and Procedural History

Petitioner's convictions arise from his participation in a series of larcenies, including the theft of a trailer, tractor supplies, and lawn equipment with his co-defendants in Ogemaw County, Michigan, in 2010. The Michigan Court of Appeals described the underlying facts as follows:

> Defendant was tried along with co-defendants David Ritchie and Fabian Loonsfoot. Defendant, Ritchie, Loonsfoot and Ritchie's girlfriend, Misr Abdur–Rahim, were members of a group that robbed businesses of their equipment. Abdur–Rahim accepted a plea deal and agreed to testify against her co-defendants. Abdur–Rahim testified that defendant would come to where she lived with Ritchie and she would hear the two "talk about places that they could hit larcenies at," and that she was with defendant and Ritchie on several occasions when equipment was stolen. The larcenies happened the same way with the same individuals: "They would take a trailer hooked onto a truck, go to the place where they planned on committing their larcenies, fill the trailer up and go." Abdur–Rahim acted as a lookout and observed defendant and the

others load "tractor supply stuff" and "lawn equipment" into the trailers. Both the stolen trailer and the stolen equipment were found at Abdur–Rahim and Ritchie's home.

Defendant was convicted and sentenced as outlined above.

*People v. Greene*, No. 308448, 2013 WL 951294, at *1 (Mich. Ct. App. Feb. 21, 2013) (unpublished) (footnote omitted).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning (1) the use of the crime of larceny as the basis for his racketeering conviction and (2) the conduct of the prosecutor. The court denied relief on those claims and affirmed Petitioner's convictions. *Id.* at *1-3. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Greene*, 494 Mich. 871 (2013).

Petitioner returned to the state trial court and filed a motion for relief from judgment, asserting that appellate counsel was ineffective for failing to raise claims concerning the jury instructions, the sufficiency of the evidence, the conduct of the prosecutor, the effectiveness of trial counsel, and a jurisdictional defect. The trial court denied relief, stating that Petitioner was attempting to raise the same

or similar issues as raised on direct appeal. *People v. Greene*, Nos. 11-3674-FH, 11-3679-FH (Ogemaw Cty. Cir. Ct. May 2, 2014). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Greene*, No. 322381 (Mich. Ct. App. Sept. 19, 2014). Petitioner filed an application for leave to appeal which the Michigan Supreme Court, which was similarly denied. *People v. Greene*, 498 Mich. 851 (2015).

Petitioner then filed this federal habeas petition. He raises the following claims:

I.    The prosecution vouched for the credibility of the single witness against him, whose testimony was not permitted due to the fruit of the poisonous tree doctrine, creating a radical jurisdictional defect and voiding any process against him in these matters.

II.    Ineffective assistance of appellate counsel for abandoning review of the sufficiency of the elements of the accusations for larceny and criminal enterprise/racketeering counts, as well as the other issues not raised on direct appeal.

III.    The elements of larceny between $1,000 and $20,000 and criminal enterprise were never proven beyond a reasonable doubt.

IV.  Ineffective assistance of counsel for failure to object to an information that was amended to include offenses never established under probable cause to be bound over. Counsel also did not object to speculative testimony during trial, nor to testimony of a witness being coerced by the police by threat of having her child taken away from her.

V.  The prosecution amended the information to include two receiving and concealing offenses without a bindover or a motion for similar acts, and then submitted an inadmissible allegation during trial, thereby prejudicing him.

VI.  Improper jury instructions violated due process.

VII.  There were jurisdictional defects.

Respondent has filed an answer to the petition, contending that it should be denied because the claims are procedurally defaulted and/or lack merit. (Dkt. 13.) Petitioner has filed a reply to that answer. (Dkt. 15.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas

petitions brought by prisoners challenging their state court convictions.

The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists

could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

### A. Procedural Default

Respondent contends that several of Petitioner's habeas claims are barred by procedural default. Federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the procedural default issues are complicated and intertwined with the substantive issues, and the substantive issues are more easily resolved. Consequently, the interests of judicial economy are best served by addressing the merits of Petitioner's habeas claims.

## B. Merits

### 1. Prosecutorial Misconduct Claims

Petitioner first asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by vouching for witness Misr

Abdur-Rahim during the rebuttal portion of his of closing arguments.

Petitioner objects to the following remarks:

> Again, keep your eyes on the big picture. And defense attorneys are saying, well, all you have is Misr's statement putting the defendants at the scene of the crime. But ladies and gentlemen, not only do you have Misr's statements but you have independent facts that are backing up what she was saying. She said they scouted. We have pictures to prove that she was scouting. She said that they used keys.
>
> Well, they found keys. She said that we were driving three vehicles. She has got pictures of three vehicles. So look at the totality of her testimony and weigh it. You know, if there is independent corroboration for the main factors of what she is saying. If she is telling you the truth about that, can she be telling the truth on everything else. I would submit that she is.

Trial Tr., p. 779.

The Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must show that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v.*

*Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard).

It is improper for a prosecutor to express his or her own personal opinions as to a witness's credibility. *United States v. Young*, 470 U.S. 1, 9-10 (1985); *Hodge v. Hurley*, 426 F.3d 368, 378 (6th Cir. 2005). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury that supports the charges against the defendant, and because the prosecutor's opinion may induce the jury to trust the government's judgment rather than its own. *Young*, 470 U.S. at 18-19; *Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008).

The Michigan Court of Appeals considered this claim on direct appeal and denied relief after reviewing the trial court's determination for plain error. The court found that the prosecutor's argument was based on the evidence presented at trial, and ruled that it was a fair response to defense counsel's challenge to the witness's credibility. The court also noted that the trial court's jury instructions cured any possible prejudice, and that the remarks did not affect the fairness of the trial. *Greene*, 2013 WL 951294 at *1-2.

The state-court decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecutor's remarks about Abdur-Rahim's credibility were proper because her credibility was attacked by the defense at trial. Moreover, the prosecutor argued that Abdur-Rahim's testimony was corroborated and supported by the other evidence at trial. A prosecutor may argue reasonable inferences from the evidence, *United States v. Crosgrove*, 637 F.3d 646, 664 (6th Cir. 2011); *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000), and may argue from the facts that a witness is or is not worthy of belief. *Portuondo v. Agard*, 529 U.S. 61, 69 (2000). The prosecutor's remarks were appropriate in this case.

To the extent that the prosecutor's remarks could be seen as improper, they were not so pervasive or misleading as to affect the fairness of the trial. Any potential prejudice to Petitioner was mitigated by the fact that the trial court properly instructed the jurors on the law, explained that the attorneys' comments were not evidence, and directed them not to let sympathy or prejudice influence their decision. *See Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003). Jurors are presumed to follow the court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to establish the prosecutor engaged in misconduct that rendered his trial fundamentally unfair.

Petitioner also asserts that the prosecutor and/or police improperly coerced Abdur-Rahim into testifying against him by threatening her with the loss of her child. The trial court was presented with this claim on collateral review and denied relief finding that it was the same as or similar to claims raised on direct appeal.

*Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D), which sets forth the grounds on which a criminal defendant may be entitled to post-appellate relief from a conviction or sentence.

The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is considered unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Under *Guilmette*, this Court must "look through" the unexplained order of the Michigan appellate courts to the lower court's decision to determine the basis for the denial of state post-conviction relief.

In this case, as Respondent concedes, the lower court simply (and erroneously) stated that the collateral review claims were the same as or similar to those raised on direct appeal. Therefore, this claim was not addressed on the merits by the state courts. The Court reviews the claim *de novo*. *See Torres v. Bauman*, 677 F. App'x 300, 302 (6th Cir.

2017) (ruling that the district court erred in applying a deferential standard of review to a habeas claim that was not addressed on the merits by the state courts).[1]

---

Assuming that Petitioner states a due process claim on habeas review, he is not entitled to relief. The record does not support his claim of improper witness coercion. Rather, it reveals that the police allowed Abdur-Rahim to call her mother to pick up her child before she cooperated with them, informed her that they could contact DHS but were not going to do so, and told her that she was not under arrest, would not have to go to jail, and could leave after the interview. *See* Trial Tr., pp. 534-36. This conduct was not coercive.[2]

Additionally, informing a witness about the potential consequences of cooperating or not cooperating with the authorities, without more, does not constitute coercion. *See generally Brady v. United States*, 397 U.S. 742, 750-51 (1970); *McKinney v. Ludwick*, 649 F.3d 484, 491-92 (6th Cir. 2011) (citing cases for rule that informing a

---

[2] Also, because Supreme Court precedent controls, *see* 28 U.S.C. § 2254(d)(1), Petitioner fails to state a claim upon which habeas relief may be granted as to this issue. While the Sixth Circuit has indicated that the use of a witness's coerced testimony may violate a defendant's rights under the Due Process Clause of the Fourteenth Amendment, *see Bradford v. Johnson*, 476 F.2d 66 (6th Cir. 1973), the Supreme Court has never reached this same conclusion. *See Samuel v. Frank*, 526 F.3d 566, 569 (7th Cir. 2008); *see also Johnson v. Bell*, 525 F.3d 466, 479-81 (6th Cir. 2008) (distinguishing *Webb v. Texas*, 409 U.S. 95 (1972), and *Washington v. Texas*, 388 U.S. 14 (1967), and denying relief on claim that authorities coerced a witness into providing favorable prosecution testimony).

suspect about legal consequences of crime and cooperation benefits is not inherently coercive so as to render police statements involuntary).

Finally, the record shows that the circumstances of Abdur-Rahim's police statement and her plea deal were disclosed at trial, *see* Trial Tr., pp. 431-33, 465, 534-36, which allowed the jury to consider her motivation for cooperating with the authorities and to evaluate her credibility. Accordingly, Petitioner fails to establish a due process violation and habeas relief is not warranted on this claim.

## 2. Ineffective Assistance of Appellate Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise several claims on direct appeal. The trial court was presented with this claim on collateral review and denied relief finding that it was the same as or similar to claims he raised on direct appeal. *Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678, at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D). As set forth above,

this claim was not considered on the merits. The Court reviews the claim *de novo*. *See Torres*, 677 F. App'x at 302.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel at trial and on direct appeal. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether counsel was ineffective. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments
> and impose on appointed counsel a duty to raise every

> "colorable" claim suggested by a client would disserve the . . .
> goal of vigorous and effective advocacy . . . . Nothing in the
> Constitution or our interpretation of that document requires
> such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[T]he hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting issues that were obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance.

Appellate counsel raised significant prosecutorial misconduct claims on direct appeal, including a challenge to the testimony of the main prosecution witness. None of the other claims subsequently raised by Petitioner on collateral review are clearly stronger than those presented, as evidenced by this Court's denial of relief (and the state courts' denial of relief) on those claims. Nor has Petitioner shown that appellate counsel failed to subject his case to meaningful adversarial testing. Further, even if appellate counsel erred in some fashion, Petitioner cannot show that he was prejudiced by counsel's conduct given that the underlying claims lack merit. Habeas relief is not warranted on this claim.

### 3. Insufficient Evidence Claims

Petitioner next asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions for larceny between $1,000 and $20,000 (the trailer theft) and for racketeering. The trial court was presented with these claims on collateral review and denied relief, finding that they were the same as or similar to claims raised on direct appeal. *Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts

denied relief pursuant to Michigan Court Rule 6.508(D).  As set forth above, that review was not on the merits.  The Court reviews the claims de novo.  *See Torres*, 677 F. App'x at 302.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the

trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). The "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, larceny of property valued at $1,000 or more but less than $20,000 requires proof that the defendant stole property, such as money, goods, or chattels, valued at $1,000 or more but less than $20,000. Mich. Comp. Laws § 750.356(3)(a). In order to prove the charge of racketeering, the prosecutor had to prove, in relevant part, that Petitioner was "associated" with an "enterprise" and that he "knowingly" participated "in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity." Mich. Comp. Laws § 750.159i(1); *People v. Martin*, 271 Mich. App. 280, 320 (2006). A pattern of racketeering activity means "the commission of not less than two incidents of racketeering," which involve "'the same or a substantially similar purpose, result, participant, victim, or method of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated acts, pose a threat of continued criminal activity,' and fall within certain time constraints . . . ."

*Martin*, 271 Mich. App. at 289-90 (quoting Mich. Comp. Laws § 750.159f(c)).

The prosecutor also had to prove that Petitioner committed the underlying racketeering offenses for financial gain. *Id*. at 290 (citing Mich. Comp. Laws § 750.159g). Under Michigan law, when "several persons are engaged in one common unlawful enterprise, whatever is said or done by any one of them in the prosecution of the common enterprise, or while it is still in progress, is evidence against all the parties to it." *People v. Beller*, 294 Mich. 464, 468 (1940) (quoting *People v. Pitcher*, 15 Mich. 397, 403-04 (1867)).

To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he or she gave the aid or encouragement. *Carines*, 460 Mich. at 757-58; *People v. Moore*, 470 Mich. 56 (2004); Mich. Comp. Laws § 767.39. An aider and abettor's state of mind may be inferred from all the facts and

circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. *Carines*, 460 Mich. at 757-58.

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the crime. *People v. Oliphant*, 399 Mich. 472, 489 (1976); *People v. Kern*, 6 Mich. App. 406, 409 (1967). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense. *People v. Nowack*, 462 Mich. 392, 399-400 (2000); *People v. Jolly*, 442 Mich. 458, 466 (1993). This includes establishing identity, *Kern*, 6 Mich. App. at 409-10, and intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398 (1997); *see also Nowack*, 462 Mich. at 402-03.

In this case, the prosecution presented sufficient evidence to support Petitioner's convictions. For larceny of the trailer, the trial testimony showed that a white trailer was stolen from the West Branch NAPA Truck and Trailer late in the evening of August 22, 2010, or

during the early morning hours of August 23, 2010. *See* Trial Tr., pp. 300-20. The trailer was then observed as part of a caravan of vehicles on a gas station surveillance video and used during the larceny at Willard's Equipment Company in Ogemaw County that same day. *See* Trial Tr., pp. 347-48, 404-12. The trailer was found on August 24, 2010, during a search of co-defendant Ritchie's residence in Taylor, Michigan, with stolen equipment from Willard's still inside the trailer. *See* Trial Tr., pp. 279-81, 308, 507-10, 608. Co-defendant Misr Abdur-Rahim testified that she and co-defendant Ritchie scouted the Willard's location and a place that sold trailers two weeks earlier, that she was present during a conversation about the trailer theft with Petitioner, co-defendant Ritchie, and two others, that she and those same individuals traveled from Taylor, Michigan to Ogemaw County in several vehicles to commit the larcenies, and that she participated (as a lookout) in the larceny at Willard's with Petitioner, co-defendant Ritchie, and the other two men. *See* Trial Tr., pp. 365-69, 371-72, 380-81, 395-98, 404-13.

Such testimony, and reasonable inferences drawn from it, provided sufficient evidence of Petitioner's guilt of the trailer larceny

as an aider and abettor because it shows that he knew that one or more of his co-defendants intended to steal a trailer, that he was involved in the planning of the thefts, that he drove to the area where the larcenies occurred at the same time as the co-defendants, that he knew the trailer was needed to facilitate the larceny at Willard's, and that he directly participated in the larceny at Willard's with the co-defendants.

On the racketeering charge, the trial testimony showed that Petitioner was associated with co-defendant Ritchie (and the other co-defendants) who had a history and pattern of breaking into businesses and stealing tractors and other outdoor equipment, *see* Trial Tr., pp. 366, 381-87, 425-31, 503-04, 536, that Petitioner knowingly participated in such activities, *see* Trial Tr., pp. 366, 387, 397-98, 415, 425, that Petitioner was involved in at least two larcenies, the Willard's larceny and the trailer larceny, which fit the same pattern of illegal activity, *see* discussion *supra*, and that Petitioner (and his co-defendants) did so for financial gain.  *See* Trial Tr., p. 365.  Such evidence, and reasonable inferences drawn from it, was sufficient to establish that Petitioner engaged in the crime of racketeering.

Petitioner challenges the inferences the jury drew from the testimony presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict was reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established Petitioner's guilt of the trailer larceny and racketeering beyond a reasonable doubt. Habeas relief is not warranted on these claims.

### 4. Ineffective Assistance of Trial Counsel Claims

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to an amendment to

the information, for failing to object to speculative testimony at trial, and for failing to object to the testimony of a witness who was allegedly coerced by the police. The trial court was presented with these claims on collateral review and denied relief, finding that they were the same as or similar to claims raised on direct appeal. *Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D). As set forth above, this claim was not considered on the merits. The Court reviews the claims *de novo*. *See Torres*, 677 F. App'x at 302.

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient

performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. A federal court's consideration of

ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and, when applicable, to state appellate courts reviewing their performance. *Harrington*, 562 U.S. at 105.

Petitioner first asserts that trial counsel was ineffective for failing to object to the amendment of the information to include two receiving and concealing offenses in Wayne County. These charges were for larcenies that occurred in Houghton and Ontonogan Counties, where there was no bindover hearing at which the court determined whether there was sufficient evidence to prosecute Petitioner, or motion for the admission of evidence of similar acts under Mich. R. Evid. 404(b). Even assuming that counsel erred by failing to object, however, Petitioner cannot establish that he was prejudiced by counsel's conduct. As discussed above, Petitioner was not convicted of those charges given that the trial court granted Petitioner's motion for a directed verdict on those offenses, *see* Trial Tr., pp. 697-705, and the trial court instructed the jurors not to consider those incidents in assessing Petitioner's guilt. *See* Trial Tr., pp. 723-34. Jurors are presumed to follow the court's instructions. *See Penry*, 532 U.S. at 799

(citing *Richardson*, 481 U.S. at 211); *Powell*, 469 U.S. at 66. Petitioner thus cannot establish that trial counsel was ineffective under the *Strickland* standard.

Petitioner also asserts that trial counsel was ineffective for failing to object to "speculative" testimony, presumably the similar or other acts evidence, presented at trial. The similar or other acts evidence, however, was relevant and admissible for the racketeering charges against Petitioner and/or his co-defendants. Counsel cannot be deemed deficient for failing to make an argument that lacks merit or would have been futile. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, to the extent the similar acts evidence concerned the larcenies in Houghton and Ontonagon Counties, Petitioner cannot establish that he was prejudiced by counsel in failing to object because the trial court instructed the jury not to consider those incidents in assessing Petitioner's guilt.

Finally, Petitioner asserts that trial counsel was ineffective for failing to object to the testimony of Misr Abdur-Rahim whom he asserts

was coerced by the police. Given that the record does not support Petitioner's assertion that Abdur-Rahim was improperly coerced, and given this Court's ruling that the prosecutorial misconduct claim alleging witness coercion lacks merit, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct in this regard. As noted, counsel cannot be deemed deficient for failing to make a meritless or futile objection. *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225. Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on these claims.

### 5. Bindover/Amendment/Evidentiary Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution amended the information to include two receiving and concealing offenses in Wayne County for larcenies that occurred in Houghton and Ontonogan Counties, without a bindover or a motion for the admission of evidence of similar acts, resulting in the admission of otherwise inadmissible allegations at trial. The trial court was presented with this claim on collateral review and denied relief finding that it was the same as or similar to claims raised on direct appeal.

*Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D). As set forth above, that review was not on the merits. The Court reviews the claim *de novo*. *See Torres*, 677 F. App'x at 302.

This claim lacks merit. First, to the extent Petitioner complains about the lack of a bindover, he fails to state a claim upon which habeas relief may be granted. The Supreme Court has held that the federal Constitution does not require that a probable cause hearing (or bindover hearing) be conducted prior to a criminal trial. *Gerstein v. Pugh*, 420 U.S. 103, 119, 125 n. 26 (1975). The bindover decision is a state law issue that does not implicate a federal constitutional right and is not subject to review in a federal habeas proceeding. *See Shacks v. Tessmer*, 9 Fed. Appx. 344, 351 (6th Cir. 2001) (refusing to review state court determination that second-degree murder conviction rendered bindover sufficiency of the evidence challenge moot); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004) (denying habeas relief on state prisoner's claim that there was insufficient evidence to bind him over for trial).

Second, with respect to the amendment to the information, prosecutors have significant discretion in determining what charges to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994). The Sixth Amendment guarantees a criminal defendant the right to be informed of the nature of the accusations against him. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *In Re Oliver*, 333 U.S. 257, 273 (1948); *Lucas v. O'Dea*, 179 F. 3d 412, 417 (6th Cir. 1999). Due process requires that "whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F. 2d 918, 930 (6th Cir. 1988). A defect in a state-court information or indictment does not violate Constitutional rights unless a petitioner can establish that: (1) he or she did not receive adequate notice of the charges; and that (2) he or she was therefore denied the opportunity to defend against the charges. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002); *Sharrar v. Foltz,* 658 F. Supp. 862, 866-67 (E.D. Mich. 1987). Petitioner makes no

such showing. The record indicates that he was aware of the two receiving and concealing offenses in Wayne County for larcenies that occurred in Houghton and Ontonogan Counties in advance of trial and was able to defend against those charges. To be sure, the trial court granted Petitioner's directed verdict motion and did not submit the charges to the jury. *See* Trial Tr., pp. 697-705. Petitioner fails to establish a due process violation.

Even if an error occurred in the charging process, any such error was harmless given that the trial court granted a directed verdict in Petitioner's favor. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict."); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit).

Third, Petitioner fails to show that the admission of the facts underlying the charges violated his federal due process rights. Alleged

trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)).

The Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352-53 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v.*

*Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Petitioner fails to state a claim upon which habeas relief may be granted on this issue.

Further, even if Petitioner states a cognizable claim, he is not entitled to relief. He fails to show that the admission of the evidence relating to the two receiving and concealing offenses in Wayne County for larcenies that occurred in Houghton and Ontonogan Counties rendered his trial fundamentally unfair. The evidence was relevant and admissible to the charges against his co-defendants, and provided additional information relevant to the conspiracy to commit the larcenies. Petitioner also fails to establish that he was prejudiced by the admission of this evidence. The record shows that the trial court granted Petitioner's directed verdict motion as to those offenses, *see* Trial Tr., pp. 697-705, and instructed the jurors not to consider those incidents in assessing Petitioner's guilt. *See* Trial Tr., pp. 723-34. As set forth above, jurors are presumed to follow the court's instructions. *See Penry*, 532 U.S. at 799 (citing *Richardson*, 481 U.S. at 211); *Powell*, 469 U.S. at 66. Petitioner fails to establish that he was prejudiced by the admission of this evidence or that he was otherwise denied a

fundamentally fair trial, and habeas relief is not warranted on this claim.

### 6. Jury Instruction Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court failed to properly instruct the jury on the financial gain element of the racketeering charge. The trial court was presented with this claim on collateral review and denied relief finding that it was the same as or similar to claims raised on direct appeal. *Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D). As set forth above, that review was not on the merits. The Court reviews the claim *de novo*. *See Torres*, 677 F. App'x at 302.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72; *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). A jury instruction is not to be judged in artificial isolation, but must be considered in the

context of the instructions as a whole and the trial record. *Jones v. United States*, 527 U.S. 373, 391 (1999); *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). The failure to give an instruction that is supported by the evidence does not automatically justify habeas relief. The failure to instruct must have rendered the trial fundamentally unfair. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

In this case, Petitioner's claim that the jury instructions violated his due process rights is belied by the record at trial. The record shows that the trial judge repeated the language of the racketeering statute, including the financial gain requirement, in instructing the jury on the racketeering charge. *See* Trial Tr., p. 808. Second, the record indicates that the jury was well aware of the financial gain requirement, because the parties argued that element during closing arguments. *See* Trial Tr., pp. 760-61, 764, 766, 780. Petitioner fails to establish that the jury instructions, considered as a whole and in light of the trial court

record, rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

## 7. Jurisdiction Claim

Finally, Petitioner asserts that he is entitled to habeas relief due to a state jurisdictional defect. In particular, he alleges that the larceny for more than $1,000 but less than $20,000 (the trailer theft) was dismissed before trial and should not have been part of the trial. The trial court was presented with this claim on collateral review and denied relief finding that it was the same as or similar to claims raised on direct appeal. *Greene*, Ogemaw Co. Cir. Ct. Nos. 11-3674, 11-3678 at *2. The Michigan appellate courts denied relief pursuant to Michigan Court Rule 6.508(D). As set forth above, that review was not on the merits. The Court reviews the claim *de novo*. *See Torres*, 677 F. App'x at 302.

Petitioner argues that the trial court considered dismissed charges to enhance the punishments and sanctions against him. (Dkt. 1 at 19.) The Court construes this argument as relating to jurisdiction in the sense that Petitioner is arguing that he faced prosecution on charges over which the trial court did not have jurisdiction. Petitioner is not

entitled to relief because the record does not support his claim. As explained by Respondent, the Motion/Order of Nolle Prosequi in Case No. 11-3679-FH reflects that Count Four was dismissed without prejudice so that it could be prosecuted as a count in Case No. 11-3674-FH. (*See* Dkt. 1 at 34.)

Further, a challenge to the exercise of jurisdiction is not cognizable on habeas review. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Habeas relief is not warranted on this claim.

## IV.   Conclusion

For the reasons set forth above, Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A federal court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a COA.

The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court

**DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.


Dated: April 13, 2018                    s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                                   United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager